# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LILY HUA

        Plaintiff,        CASE NO. 18-12010
                                 HON. DENISE PAGE HOOD

v.

HOME DEPOT U.S.A., INC.,

        Defendant.
_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#22]

**I.    BACKGROUND**

On June 26, 2018, Plaintiff Lily Hua ("Hua") filed a Complaint [ECF No.1] against Defendant Home Depot U.S.A., Inc. ("Defendant") alleging that Defendant created an unsafe environment, which resulted in Hua breaking her leg. Hua's Complaint specifically alleges the following violations of Michigan common law: (1) premises liability (Count I), (2) negligence (Count II), and (3) nuisance (Count III). On October 28, 2019, Defendant filed a Motion for Summary Judgment. [ECF No. 22] On November 18, 2019, Hua filed a Response. [ECF No. 24] On December 2, 2019, Defendant filed its Reply. [ECF No. 27] The Motion for Summary Judgment is currently before the Court.

The facts alleged by Hua are as follows. On May 15, 2017, Plaintiff Lily Hua ("Hua") visited Home Depot in Novi, Michigan to purchase patio sand. Although a frequent customer at this Home Depot, this was Hua's first time purchasing both patio sand, and the particular brand, Permasand. After walking into the store, Hua spoke with an employee about where the Permasand was located. The employee directed Hua to the garden area of the store. When Hua arrived at the garden area, she discovered that the Permasand was placed on the middle section of a shelving unit. Hua is 5'2" tall and the Permasand was located out of her reach. Hua then searched several aisles for a step ladder. Hua's search proved unsuccessful and she then looked for an employee to assist her. Hua then surmised that the secluded part of the store may not have many employees present, so she called out, "somebody there help me [?]" [ECF No. 24, Pg.ID 295]

After unsuccessful attempts to find an employee or step ladder, Hua decided to retrieve the Permasand box on her own. Hua noticed two large sandbags on the floor next to the shelving unit. The sandbags were stable and flat. Hua stepped onto the two sandbags and used them to help her reach the Permasand. Even after using the two sandbags, Hua was unable to conveniently reach the Permasand. Due to Hua's height, she was unable to view the tub and attempted to grab the corner of the tub and slide it towards her. Because the tubs were turned sideways and the print appeared small from the ground, Hua did not read that the tubs weighed 40

2

lbs. [ECF No. 24, Pg.ID 296] Since Hua could not see the tub, she did not realize there was another tub on top of the one she grabbed. After sliding the tub towards her, the top container fell and toppled Hua to the floor. The impact of the fall and Permasand container broke Hua's leg. Hua remained injured on the floor until her boyfriend, Lee Capatina, came and assisted her. Home Depot employees arrived to assist Hua after Capatina called to alert them of the accident.

## II. APPLICABLE LAWS & ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenth Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v.*

*Caterett*, 477 U.S. 317, 323-24 (1986). Summary Judgement must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material face," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look at the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### B. Premises Liability (Count I)

In this premises liability action, Hua alleged that Defendant failed to maintain its products in a safe manner by violating its internal policies for stocking products, failing to assist, and failing to provide easy access to step ladders. To prevail on a premises liability action, a plaintiff must prove the following elements of negligence: (1) the defendant owed a duty; (2) the defendant breached that duty; (3) an injury proximately resulted from that breach; and (4) the plaintiff suffered damages. *Benton v. Dart Properties, Inc.,* 270 Mich. App. 437, 440 (2006); *Taylor v. Laban,* 241 Mich. App. 449, 452 (2000). "[T]he existence of a legal duty is a question of law for the court to decide." *Anderson v. Wiegand*, 223 Mich.App. 549, 554 (1997). "Unless the defendant owed a duty to the plaintiff, the analysis cannot

proceed further." *Bell & Hudson, PC v. Buhl Realty Co.,* 185 Mich. App. 714, 717 (1990).

A premises possessor is not an absolute insurer of the safety of its invitees. *Quinlivan v. The Great Atlantic & Pacific Tea Co., Inc.,* 395 Mich. 244 (1975). However, a premises possessor does owe "a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v. Ameritech Corp., Inc.,* 464 Mich. 512, 516 (2001). There is no duty to protect an invitee against dangerous conditions that are open and obvious dangers, unless special aspects of a condition make even an open and obvious risk unreasonably dangerous. *Watts v. Michigan Multi–King, Inc,* 291 Mich. App. 98, 102 (2010).[1] The test to determine if a danger is open and obvious is whether an average user of ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection. *Mann v. Shusteric Enterprises, Inc,* 470 Mich. 320, 328 (2004); *Joyce v. Rubin,* 249 Mich. App. 231, 238 (2002).

In *Scott v. Kroger*, 2010 WL 3184488 (Mich. Ct. App. Aug. 12, 2010), the court stated:

---

[1] Plaintiff does not contend that there was any special aspect that created an unreasonable risk of harm despite the condition being open and obvious. *Lugo*, 464 Mich. at 517 ("if special aspects of a condition make even an open and obvious risk unreasonably dangerous, the premises possessor has a duty to undertake reasonable precautions to protect invitees from that risk.").

> Under the open and obvious doctrine, when a plaintiff is a business invitee, the premises owner has a duty to use reasonable care to protect the plaintiff from dangerous conditions. *Bertrand v. Alan Ford, Inc.*, 449 Mich. 606, 612-613, 537 N.W.2d 185 (1995). "However, where the dangers are known to the invitee or are so obvious that the invitee might reasonably be expected to discover them, an invitor owes no duty to protect or warn the invitee unless he should anticipate the harm despite knowledge of it on behalf of the invitee." *Id.* To determine whether a danger is open and obvious, the courts consider "whether an average user with ordinary intelligence would have been able to discover the danger and the risk presented upon casual inspection." *Joyce v. Rubin*, 249 Mich.App. 231, 238, 642 N.W.2d 360 (2002). Courts do not consider whether a specific plaintiff knew or should have known about the dangerous condition, but whether the danger would be foreseeable to a reasonable person in the plaintiff's position. *Id.*

*Id*. at *1. The Michigan Supreme Court has stated:

> Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection. This is an *objective standard*, calling for an examination of "the objective nature of the condition of the premises at issue."

*Hoffner v. Lanctoe*, 492 Mich. 450, 461 (2012) (citations omitted) (emphasis in original).

Defendant argues that its Permasand display was not unreasonably dangerous and any danger posed by the Permasand display was open and obvious because the tubs were visible upon casual inspection and because the average person would know that the containers were heavy. Defendant relies on Hua's statements that she looked for an employee for one minute, claiming that she

6

should have looked longer. Defendant also claims that Hua's actions—grabbing the sandbag herself—constitute an intervening act.

Defendant also contends that there were no "special aspects" present that would have required Defendant to respond to an open and obvious danger. *Mann*, 470 Mich. at 328. Defendant uses *Lugo* to provide illustrations of open and obvious dangers with special aspects—an unguarded thirty-foot deep chasm in the center of a parking lot or a single exit being blocked by standing water. *Lugo*, 464 Mich. at 516 (2001). Plaintiff does not allege that special aspects are present here and the Court agrees.

Hua argues that this case differs from most premises liability cases, which usually involve a physical defect in the facilities, spilled liquid, or dangerous ice. The defects in those cases are generally caused by third parties or nature. In traditional cases the burden is on the premises owner to reasonably inspect the premises for defects and, if they are not open and obvious, to make the premises reasonably safe. Here, Hua asserts that Home Depot caused the danger by maintaining the dangerous display in violation of its internal policies. Home Depot's Title Merchandising Safety policy states that all floor displayed merchandise must be pulled to the edge of the display pallet or table to ensure that merchandise is easily accessible. [ECF No. 24-1, Pg.ID 386] Hua further asserts that Home Depot had knowledge and notice of the danger because it set up the

7

display, maintained the display, and failed to have enough personnel readily available to assist Hua before she engaged in the activity.

Hua cites several cases to suggest that the discrepancy between Home Depot and Hua's view of an unreasonable display presents a question of fact for the jury and should be precluded from summary judgment. Plaintiff argues that *Pippin v. Atallah* is analogous to the instant case. 245 Mich. App. 136, 144 (2001). *Pippin* involved a biker who hit a chain used to block off a closed-off parking lot. *Id.* The Court found that the obstructing chain may not have been open and obvious because the chain was difficult to see, small in width, and stretched in a way where the eyes would be fixed on objects in the distance rather than the chain. *Id.*

Hua also cites *Gorsline v. Speedway LLC* to support her argument. No. 16-CV-13002, 2017 WL 4098828, at *2 (E.D. Mich. Sept. 15, 2017). The plaintiff in *Gorsline* was injured by a merchandise display. *Id. Gorsline* involved a Speedway gas station that displayed water on a milk crate at the end of some aisles. *Id.* Although prominently positioned, the display may have been difficult to see when turning the corner into the next aisle. *Id.* Unable to see the display, the plaintiff fell when she collided with the water display. *Id.* The court found that reasonable minds could differ about whether the size and location of the water display truly made it open and obvious. *Id.*

8

Hua also asserts that *Wedyke v. Speedway LLC* is similar to the instant matter. No. 18-CV-10168, 2019 WL 4467415, at *1 (E.D. Mich. Sept. 18, 2019). In *Wedyke*, it was undisputed that the Plaintiff fell at Speedway. *Id.* However, a question of fact existed about whether the Plaintiff fell because of slush that was open and obvious or because of a crack in the parking lot that was obstructed by slush. *Id.* Hua argues that there is a question of fact here because Home Depot violated its own policy in placing a heavy product high on the shelf.

In response, Defendant does not cite any cases analogous to its situation or attempt to distinguish Hua's cited cases. Home Depot argues that its internal policies cannot be used to establish a standard of care. *Gallagher v. Detroit-Macomb Hosp. Ass'n*, 171 Mich. App. 761 (1988); *see also Buczkowski v. McKay*, 441 Mich. 96 (1992). Defendant's argument is true. However, the Court concludes that there is a question of fact present, even without factoring in a potential violation of corporate policy. Defendant's argument concerning internal policies and public policy is especially important when considering prejudicing a jury, but Hua has provided enough evidence outside of the internal policies to show that a question of fact exists concerning the open and obvious nature of the Permasand display.

Hua argues that statements from Home Depot's former assistant manager, Sarah MacLean ("MacLean") support her claim that Home Depot was the but-for

9

and proximate cause of Hua's injury by setting up and maintaining a potentially dangerous display. In relevant part, MacLean's deposition provides:

> Q: [W]ho would have made the decision to stack this product in the fashion that's depicted in these photographs, on a pallet in a shelf unit?
> A: Typically . . . [a]n associate or department head would be stacking those on the shelf or putting them on the pallet.
>
> Q: [C]an you see a danger from looking at [a photo of the display]?
>
> A: If I were to pass that, I would probably ask somebody to pull the product forward.

[ECF No. 24-1, Pg.ID 387]

Home Depot responds by claiming Hua acted as an intervening force when she used the two sandbags to attempt to obtain the Permasand, rather than wait for an employee to assister her. Hua contends that someone else likely put the sandbags there in an attempt to perform a similar task and Home Depot failed to remove or notice the bags. Hua also claims the lack of a ladder or an employee to assist, required her to grab the Permasand herself. Hua also argues that if her use of the sandbags negatively affects her legal arguments, it only speaks to contributory negligence and not as an intervening act for purposes of Defendant's Motion for Summary Judgment.

According to MacLean, Home Depot usually opts to display products in a manner where customers can access them. [ECF No. 24, Pg.ID 300] MacLean also asserted that businesses should strive to organize products in a safe manner. [*Id.*]

When asked what options are available to customers who cannot access items out-of-reach, MacLean replied that customers can use a "rolling stepladder," a "three-step yellow ladder," or ask an employee for help. [*Id.*] Defendant asserts that Hua's claim that "Defendant has admitted," mischaracterizes Defendant's view, since MacLean is a former employee. Defendant also indicates that MacLean was terminated "under circumstances she believed were unjustified." [ECF No. 27, Pg.ID 434] The Court agrees that MacLean's statements should not be construed as an admission by Defendant.

However, the Court finds that MacLean's statements do show that reasonable minds may disagree with Defendant's view of what creates an unreasonably dangerous display. The circumstances surrounding MacLean's termination may be an issue of credibility for the jury but do not aid Defendant's argument for summary judgment. Reasonable minds may find that a customer who regularly shops at Home Depot may be familiar with how Home Depot usually stocks shelves—the manner mentioned by MacLean— and would expect products on a shelf to be readily accessible. The Court concludes that the question of whether the Permasand display was open and obvious is a question of fact for the trier of fact.

Reasonable minds may also disagree as to whether a box of Permasand would be capable of causing a severe leg injury or whether a business would

11

display a potentially dangerous product in a way that would cause damage if accessed incorrectly. Defendant argues that Hua should have known that the Permasand was heavy because she walked into the store looking for that product. Defendant argues that the weight of the Permasand, by its nature, "apprise[s] an invitee of the potential hazard." *Hoffner*, 492 Mich. at 460-61. However, the open and obvious test is an objective one. *Id.*

Home Depot stores hold themselves open to many types of customers—those experienced with home improvement and complete novices. Hua cannot be faulted for being a first-time purchaser of Permasand. There is a question of fact about whether someone can know the weight and potential harm of an item just by looking at it from a distance. Holding Hua to such a higher standard would defeat the objectivity of the test.

The Court **DENIES** Defendant's Motion for Summary Judgment as it pertains to Hua's premises liability claim.

### C. Nuisance and Negligence

Defendant argues that Hua waived her nuisance and general negligence claims because she failed to respond to Defendant's Motion for Summary Judgment on those claims. The Court agrees. A plaintiff's failure to address a claim in response to a motion for summary judgment on that claim "demonstrates abandonment and waiver of the claim." *Crampton v. Kroger Co.*, 213 F. Supp. 3d

12

910, 913 (E.D. Mich. 2016). *See also Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."); *Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 525 (6th Cir. 2006) (holding that where the appellant failed to respond to two claims, the appellant abandoned those claims).

The Court **GRANTS** Defendant's Motion for Summary Judgment as it pertains to Hua's nuisance and negligence claims.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Home Depot's Motion for Summary Judgment [#22] is **Denied in Part** and **Granted in Part**. Defendant's Motion for Summary Judgement as it pertains to Hua's premises liability claim (Count I) is **DENIED**. Defendant's Motion for Summary Judgment as it pertains to Hua's general negligence (Count II) and nuisance claims (Count III) is **GRANTED**.

s/Denise Page Hood<br>United States District Judge

DATED: April 6, 2020